DIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MICHAEL MURRAY** <br> *Plaintiff,* <br><br> v. <br><br> **BSI FINANCIAL SERVICES, INC.** <br> *Defendant.* | § § § § § § § § § § § § § § § § **CIVIL ACTION:** 4:23-cv-93 |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant BSI FINANCIAL SERVICES, INC. ("BSI") removes this action from the 457th District Court, Montgomery County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, as follows:

### I.   STATE COURT ACTION

1. On 12/28/2022, Plaintiff MICHAEL MURRAY ("MURRAY") filed its live petition (hereinafter "the Petition") in the 457th District Court, Montgomery County, Texas styled *MICHAEL MURRAY vs. BSI FINANCIAL SERVICES, INC.* and bearing Cause No. 22-12-17332.

2. The lawsuit relates to foreclosure proceedings in connection with the property located at 26055 ALLAN POE DRIVE, MAGNOLIA, TX 77355 (the "Property"). Plaintiff MURRAY contends that Defendant BSI has improperly attempted to foreclose on the Loan. Plaintiff MURRAY seeks to prevent Defendant BSI from foreclosing and unspecified damages.

3. Defendant BSI has not been served with a citation and copy of the Petition in this matter. Therefore, this removal is timely under 28 U.S.C. § 1446(b).

4. As discussed below, this Court has jurisdiction over this action based on the presence of diversity of citizenship between the parties.

### III.  PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, as the lawsuit is pending within the district and division. See 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

6. The United States District Court for the Southern District of Texas, Houston Division has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. 28 U.S.C. §§ 1331 and 1332(a).

7. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule LR81, this Notice of Removal is accompanied by copies of the following materials:

| Exhibit | Document |
|---|---|
| A | Civil Cover Sheet; |
| B | List of All Counsel of Record; |
| C | Index of Documents Filed in the State Court Action and Docket Sheet; |
| D | MONTGOMERY County Central Appraisal District Residential Account Detail Report for the Property located at 26055 Allan Poe Drive, Magnolia, TX  77355. |

8. Simultaneously with the filing of this Notice of Removal, Defendant BSI is filing a copy of the Notice of Removal in the 457th District Court, MONTGOMERY County, Texas

pursuant to 28 U.S.C. § 1446(d).  Defendant BSI will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

## IV.   DIVERSITY JURISDICTION

### A.   DIVERSITY OF CITIZENSHIP

9. Removal of this action is proper under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a), based upon the parties' diversity of citizenship and the amount in controversy, exclusive of interest and costs.

10. Plaintiff MICHAEL MURRAY is in an individual domiciled in, with his fixed place of residence being, MONTGOMERY COUNTY, TEXAS.[1]  For purposes of diversity jurisdiction, "[a] natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, *3 (N.D. Tex. Feb. 25, 2009) (*citing Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)).

11. Defendant BSI FINANCIAL SERVICES, INC. is a Delaware Corporation with its principal place of business in Titusville, Pennsylvania.  A Corporation is a citizen of the state where it is was incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).  Thus BSI is a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction.

12. Because Plaintiff and Defendant are not citizens of the same state, complete diversity exists between the parties. See 28 U.S.C. § 1332(c)(1).

### B.   AMOUNT IN CONTROVERSY

---

[1]  Pl's. Orig. Pet. ¶ 2.

13. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is more likely than not greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.,* 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("[t]he test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]"). The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *Greenberg,* 134 F.3d at 1253. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009); *Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-cv-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (order denying motion to remand). In addition, when the entire right and title to the property is called into question by means of a declaration and/or suit to quiet title, the amount in controversy is equal to the value of the property. *Bardwell*, 2011 WL 4346328, at *2. To determine the amount in controversy, a court may also consider actual damages, exemplary damages, and attorney fees. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003).

14. Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs. This is because Plaintiff seeks relief to preclude the foreclosure of the Property.[2] As a result, the entire value of the Property is squarely at issue. *See Bardwell v. BAC Home Loans Servicing, LP,* No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate

---

[2] Pl's Orig. Pet. ¶¶ 31-36.

measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48). According to the MONTGOMERY Central Appraisal District, the current market value of the Property is $ $339,750.[3]

15. In addition, Plaintiff also seeks an unspecified amount of damages and attorneys' fees.[4] These amounts must be included in the amount in controversy. *White*, 319 F.3d at 675-77 (affirming a district court's finding that attorney's fees, actual damages, and punitive damages are part of the amount in controversy, and would "more probabl[y] than not" exceed $75,000) (quotation omitted); *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . 'such fees may be included in the amount in controversy.'") (quotation omitted); *Ray Mart, Inc. v. Stock Bldg. Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney's fees in calculating the amount in controversy). Thus, it is apparent from the face of the Petition based on the damages sought that the amount in controversy requirement is satisfied. *Greenberg,* 134 F.3d at 1253.

16. As there is complete diversity among the parties, and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and removal is proper.

## V.     CONCLUSION

---

[3]   *See* Exhibit D.
[4]   Pl's Orig. Pet. ¶ 29.

WHEREFORE, Defendant BSI removes this action from the 457th District Court for MONTGOMERY County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

*Respectfully Submitted,*

JACK O'BOYLE & ASSOCIATES

  /s/ Travis H. Gray
Travis H. Gray
SBN: 24044965
SD TX BAR NO.: 1115733
travis@jackoboyle.com
Chris S. Ferguson
SBN: 24068714
chris@jackoboyle.com
P.O. BOX 815369
DALLAS, TX 75381
P: 972.247.0653 | F: 972.247.0642
*ATTORNEYS FOR DEFENDANT BSI FINANCIAL SERVICES, INC.*

**CERTIFICATE OF SERVICE**

    This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on January 11, 2023 to:

    JASON A. LEBOEUF
    SBN: 24032662
    LEBOEUF LAW FIRM, PLLC
    674 TOWN SQUARE BLVD, SUITE 200
    BUILDING 1A
    GARLAND, TX 75040
    P: 214.206.7423
    F: 214.730.5944
    E: jason@leboeuflawfirm.com
    COUNSEL FOR PLAINTIFF MICHAEL MURRAY

                                            */s/ Travis H. Gray*
                                            Travis H. Gray